**Anthony N. WHITING, Plaintiff,**

v.

**William W. WESLOWSKI d/b/a Ski's Auto World Paint & Body Shop and Ski's Auto World Paint & Body Shop, Inc., Defendants.**

No. 5:98–CV–215–BO(2).

United States District Court,
E.D. North Carolina,
Western Division.

June 5, 2000.

Walter T. Johnson, Jr., Greensboro, NC, for plaintiff.

Anthony N. Whiting, Fayetteville, NC, pro se.

Susan Joyce Hall, Fayetteville, NC, for defendants.

*ORDER*

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Defendants' Motion that Defendants' First Set of Admissions be Deemed Admitted and Defendants' Motion to Dismiss pursuant to Rule 56 of the Federal Rules of Civil Procedure. The underlying action alleges that Defendants violated section 1981 of Title 42 of the United States Code, and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq., by racially discriminating against Plaintiff in hiring and promotional decisions. Upon consideration of the parties' arguments, and for the reasons discussed below, this Court will grant Defendants' Motion that Defendants' First Set of Admissions be Deemed Admitted and grant Defendants' Motion to Dismiss.

## HISTORY

This action was originally filed and summons issued on March 19, 1998. Plaintiff alleged violation of section 1981 of Title 42 of the United States Code, and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq., as well as several state law claims. Plaintiff filed an amended complaint on May 14, 1998. Plaintiff filed a motion to dismiss on June 30, 1998. This Court granted Plaintiff's motion to dismiss on September 25, 1998. Plaintiff, acting *pro se,* appealed this Court's decision to the Fourth Circuit Court of Appeals on October 21, 1998. On September 23, 1999, the Fourth Circuit affirmed in part and vacated and remanded in part, preserving three of Plaintiff's federal claims but upholding this Court's dismissal of Plaintiff's state law claims and § 1981 claim for discriminatory termination.

On October 26, 1999, this Court requested discovery plans. Plaintiff did not respond to this request by the November 15, 1999 deadline, and on November 19, 1999 this Court entered an Order on Scheduling. This order set a discovery cutoff of March 24, 2000 and a deadline for filing of all motions of April 21, 2000.

Although Plaintiff had acted *pro se* since December, 1998, Plaintiff's counsel formally withdrew from the case on December 19, 1999. Defendants served their "First Set of Requests of Admission" on December 27, 1999. Plaintiff did not respond in any way by the January 31, 2000 deadline to answer. Plaintiff filed a Motion to Amend Scheduling Order on February 9, 2000, which was denied on February 28, 2000. Defendants filed their Motion Requesting that Defendants' First Set of Admissions be Deemed Admitted on February 15, 2000. Defendants filed their Motion to Dismiss on April 21, 2000. Plaintiff filed a self-styled "Motion to Proceed," apparently in response to Defendants' Motion to Dismiss, on April 24, 2000.

## ANALYSIS

Plaintiff has failed to respond to Defendants' "First Set of Requests of Admissions,"

served on December 27, 1999. Plaintiff had thirty-three (33) days in which to respond to Defendants' request for admissions—thirty days plus an additional three days due to service by U.S. Mail. Thus, Plaintiff's time to respond to Defendants' request ran on January 31, 2000. To date, Plaintiff has not responded to Defendants' request for admissions.[1]

Plaintiff offers no justification for his failure to respond to Defendants' request for admissions. This Court's examination of the record indicates that Plaintiff has been proceeding in a *pro se* fashion since December, 1998, although his attorney did not formally withdraw from the case until December 19, 1999. Plaintiff filed a Motion to Amend Scheduling Order on February 9, 2000, indicating some hardship caused by the weather and by his lawyer's withdrawal from the case, but these excuses were deemed both untimely and disingenuous and the Motion was denied by the Magistrate Judge on February 28, 2000. Plaintiff had previously failed to respond to the Magistrate Judge's request for a proposed discovery plan. A liberal discovery plan was put in place on November 15, 1999, only to be ignored by Plaintiff for three months, during which time he failed to obtain counsel (which he could have done at any time in the prior year, as well) or to otherwise engage in discovery.

Even after the Magistrate Judge's February 28, 2000 denial of his Motion to Amend Scheduling Order, Plaintiff ignored Defendants' Request for Admissions and took no further action until April 24, 2000, three days after Defendants' Motion to Dismiss was served.

Rule 36(a) of the Federal Rules of Civil Procedure states that:

> each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing ... the party to whom the request

---

1. On April 24, 2000, fully eighty-three (83) days after the January 31, 2000 deadline to respond, Plaintiff filed a self-styled "Motion to Proceed" in

which he set forth four "facts." These "facts" are nonresponsive to Defendants' requests for admissions.

is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Plaintiff has neither objected to Defendants' Request for Admissions nor served Defendants with a written answer. Plaintiff neither requested nor received an extension of time in which to respond to Defendants' Request. Plaintiff's answers or objections were due by January 31, 2000. This deadline passed with no response.

For these reasons, Plaintiff is deemed to have admitted the twenty five admissions listed in Defendant's Request for Admissions.

Rule 36(b) F.R.C.P. states that "any matter admitted under this rule is conclusively established unless the court *on motion* permits withdrawal or amendment of the admission ... subject to the provision of Rule 16 governing amendment of a pre-trial order." [emphasis provided]. The applicable provision of Rule 16 states that modification shall occur "only to prevent manifest injustice."

Such a motion to withdraw or amend Plaintiff's admissions has not been made, and this Court may therefore treat the admissions as conclusively established for the purpose of Defendants' Rule 56 Motion. As a result of the facts which have been judicially admitted, there are no contested material issues of fact, and defendants are entitled to summary judgment as a matter of law.

### CONCLUSION

For the reasons discussed above, Defendants' Motion Requesting that Defendants' First Set of Admissions be Deemed Admitted is GRANTED. Summary Judgment is allowed for the Defendants.

SO ORDERED.